THE HOME LIFE INSURANCE COMPANY OF BROOKLYN, Appellant, *v.* SYLVESTER J. SHERMAN, Respondent.

Where a tenant yields the possession of the demised premises, in pursuance, or in consequence of a judgment for the recovery of possession, to the person adjudged to be the rightful owner of the paramount title, it is an eviction, and he is discharged from the payment of rent.

H., the owner of certain premises in New York, leased them to D., the lease contained a covenant, that the lessee should not use or allow any part of the demised premises, to be used for any business deemed by fire insurance companies extra hazardous. D. sublet a portion to the plaintiff, who sublet to defendant. All the leases contained similar covenants. Defendant commenced a business prohibited by the covenants in the leases. H. brought ejectment against D. and his sub-tenants, and obtained judgment. Defendant thereupon abandoned the premises, leaving the key with plaintiff.

*Held,* that this was in effect a surrender to H., and an eviction.

The rule that defendant was discharged thereby from the payment of rent was not changed by the fact, that the judgment in the ejectment suit was obtained, in consequence of defendant's violation of the covenants in his lease. Plaintiff's remedy is by action for breach of those covenants.

(Argued September 7th, 1871; decided November 10th, 1871.)

APPEAL from an order of the General Term of the second judicial department, reversing a judgment in favor of plaintiff entered in Kings county upon the report of a referee, and ordering a new trial at the circuit.

Samuel V. Hoffman, owner of premises 258, 259 and 260 Broadway, New York city, leased the same to Daniel Devlin for five years, from May 1st, 1864. This lease contained a covenant that the lessee "should not use the premises, or any part thereof, or allow them to be used, for any business which shall be deemed extra hazardous by the fire insurance companies of the city of New York, whereby the insurance will be affected." Devlin & Co., February 7, 1865, sub-let a portion of the premises to the plaintiff with a similar covenant, and on April 12, 1866, plaintiff sub-let the two upper lofts to defendant for three years from May 1st, 1866, with like covenants, for the sum of $4,500 per annum, payable quar-

terly.   Defendant took possession of said lofts May 1, 1866, and immediately thereafter introduced the manufacturing of hoop skirts.   In the latter part of May, 1866, Hoffman objected to the hoop skirt business, as a violation of the covenants in his lease.   And efforts were made by plaintiff, to have this part of defendant's business removed from the building, but defendant refused to do so.   Negotiations having failed, Hoffman brought ejectment against Devlin and all sub-tenants in October, 1866, alleging that the hoop skirt business of Sherman was a violation of his lease.   Sherman answered.   The action was referred, and judgment for plaintiff entered June 4, 1867.   No execution ever issued upon said judgment, and Hoffman thereafter collected his rents from Devlin & Co. under his lease to them as before, and Devlin & Co. collected rents from plaintiff under their lease the same as before the judgment.

The defendant Sherman abandoned the premises leased to him in June, 1867, leaving the key with plaintiff.   This action is for the quarter's rent due August 1st, 1867.

The action was referred, and upon the referee's report judgment was entered in favor of the plaintiff for $1,599.46, October 31st, 1868.

*A. B. Capwell*, for appellant.   There was no eviction. (*Vernam* v. *Smith*, 15 N. Y., 332; *Kerr* v. *Shaw*, 13 Johns., 236; *Waldron* v. *McCarty*, 3 Johns., 464; *Kortz* v. *Carpenter*, 5 Johns., 120; *Fowler* v. *Paling*, 6 Barb., 171; *Webb* v. *Alexander*, 7 Wend., 283; *Whitbeck* v. *Cook*, 15 Johns., 490; *Hunt* v. *Amidon*, 4 Hill, 345; *Chamberlain* v. *Graves*, 2 Hill, 504.)

*Geo. G. Reynolds*, for respondent.   Defendant removed from the premises by compulsion of law.   (*The U. Co.* v. *Inhabitants of A.*, 17 Mass., 460; *Hanson* v. *Buckner's Executors*, 4 Dana, 251, 254; *Preston* v. *Borton*, 12 Pick., 7.) The judgment in ejectment was an eviction by title paramount and discharged liability for rent.   (*Dyott* v. *Pendle-*

*ton*, 8 Cow., 727, 730; *Simers* v. *Salters*, 3 Denio, 214; *Greenvault* v. *Davis*, 4 Hill, 643; *St. John* v. *Palmer*, 5 Hill, 599; *Hunt* v. *Amidon*, 4 Hill, 345, Ct. of Errors; *Leach* v. *Bailey*, Ct. of Appeals, 1857, cited in *Curtis* v. *Bush*, 39 Barb., 664.)

CHURCH, Ch. J.    The first question is, whether there was an eviction of the defendant from the demised premises, by the owner of the paramount title.

To constitute an eviction the tenant must be disturbed in his possession, and in pleading an eviction, an *ouster* must be alleged. (*Vernam* v. *Smith*, 15 N. Y., 332; *Kerr* v. *Shaw*, 13 Johns., 236; *Waldron* v. *McCarthy*, 3 id., 471.)    But there are a variety of circumstances, which are deemed such a disturbance of possession as to constitute an eviction, short of physical force or legal process.    It has been held that any interference, on the part of the landlord, which impairs the beneficial enjoyment of the premises, such as the creation of a nuisance in another portion of the same building, or the like, is a sufficient disturbance of possession to constitute an eviction.    (20 N. Y., 281; *Dyett* v. *Pendleton*, 8 Cow., 727, and cases there cited.)

But the tenant must quit possession in consequence of such interference. (Id.)    So the eviction need not be by process of law, provided the tenant yields the possession to the person adjudged to be the rightful owner; or if such owner (the premises being vacant) enters into possession. (*St. John* v. *Palmer*, 5 Hill, 599.)    So, if a tenant of the mortgagor, upon foreclosure and sale of the premises, abandons the possession to the purchaser, it is deemed an eviction by one having paramount title, and the tenant is not liable for rent (*Simers* v. *Saltus*, 3 Denio, 214); and it was held in this case that he was not obliged to remain in possession, and pay rent to the purchaser to whom the lease had been assigned, and who offered to continue it to the end of the term.    A judgment alone is not sufficient; the possession must be disturbed or yielded.

But if the tenant yields the possession, in pursuance of a judg-
ment for the recovery of possession, or in consequence of it,
to the person adjudged to be the rightful owner of the para-
mount title, it is an eviction. (*Fowler* v. *Poling*, 6 Barb.,
165, and cases before cited.)

This distinction will reconcile the authorities, which other-
wise may seem conflicting. The rule to be gathered from all
the authorities, and which accords with good sense, is that a
person cannot remain in possession of premises, and still claim
that he has been turned out; nor, when a judgment of a com-
petent court has determined, that he shall deliver possession
to a particular person, need he wait to be forcibly ejected. He
can acquiesce in the judgment of the court, and voluntarily
obey its mandate.

In this case, the judgment obtained by Hoffman was, that
he recover possession of the premises, " and that said defend-
ants deliver the possession of the said premises to the plain-
tiff, and that he have execution therefor."

The defendant had a right to comply with the requirement
of the judgment, without waiting for the execution. An
eviction by title paramount, before the rent falls due, dis-
charges the tenant from the payment of rent. The obligation
ceases when the consideration for it ceases, which is, the enjoy-
ment of the land. (1 Kent's Com., 464.)

But the referee finds, that the defendant did not surrender
the possession to Hoffman, the plaintiff in the judgment in
ejectment; and it is urged that he cannot, therefore, claim the
benefit of the rule referred to. It is undisputed that he aban-
doned the premises and delivered the keys to the plaintiffs in
this action, who were his lessors, and who were also parties
defendant to the action in ejectment, and bound by the judg-
ment.

If the defendant had delivered the keys to a stranger, hav-
ing or claiming an interest not subordinate to the judgment,
there might have been force in this objection; but the plain-
tiffs cannot object on this ground. They could have delivered
the keys to Hoffman, in accordance with the judgment, as

they were legally bound to do; and if they elected not to do so, it was their fault, for which defendant is not responsible.

It appears that the judgment was obtained, on account of the business of the defendant of manufacturing hoop skirts, which was a violation of a covenant in the lease from Hoffman to Devlin & Co., that no business which was deemed by the insurance companies to be extra hazardous, should be carried on in any part of the premises; and when the defendant removed that business, neither Hoffman nor the plaintiffs intended or desired to change their relations to the property; and they did not, as the latter continued to pay rent as before. It is manifest that this was understood by the defendant and all the other parties, and it is presumed that the keys were delivered to the plaintiffs with that understanding. But, upon technical grounds, it may well be doubted whether the abandonment of possession, in pursuance of the judgment, did not operate to transfer the seizin to Hoffman, and put him in constructive possession of the premises. (5 Hill, *supra.*)

It is also claimed that the judgment in favor of Hoffman, having been obtained by reason of the business carried on by the defendant, and which was a violation of the covenants in the original lease from Hoffman to Devlin & Co., and also of the covenants in the lease from the plaintiffs to the defendant, he cannot take advantage of his own wrong, and thus relieve himself from the payment of rent. While this position is plausible, I do not think it is tenable. The judgment by Hoffman was by virtue of the forfeiture, for a violation of the covenants in the lease from him to Devlin & Co. The rights of the parties in this action, under the lease executed by them, were not and could not be litigated in that action. If the plaintiffs had expressly stipulated, that the defendant might carry on the hoop skirt business, the result of Hoffman's action would have been in no degree affected. If the defendant has violated the covenants in his lease, the plaintiffs are not remediless, but can maintain an action for such violation, and recover such damages as they have suffered, which may or may not be equal to the rent; but they cannot

maintain an action for the rent. As we have seen, the circumstances amount to an eviction of the defendant, and the rent is extinguished, but this does not shield him from liability for a violation of his other covenants.

These views render it unnecessary to review the question of fact, whether the plaintiffs consented to or requested the abandonment of the premises by the defendant.

The order granting a new trial must be affirmed, and judgment absolute ordered for the defendant.

All concur.

Judgment affirmed.