## B. F. AVERY & SONS' PLOW CO. v. KENNERLY et al.   (No. 944—5057.)

Commission of Appeals of Texas, Section B.
Jan. 9, 1929.

Smithdeal, Shook, Spence & Bowyer, of Dallas, for plaintiff in error.

Cooper & Lumpkin, of Amarillo, for defendants in error.

LEDDY, J.   Plaintiff in error leased certain premises situated in the city of Amarillo, from defendants in error, for the purpose of conducting a wholesale and retail implement business; said lease covering a period of three years from August 1, 1925, at a monthly rental of $200 per month, the power of subletting or assignment not being granted by the lease.   At the time the lease was executed, there existed against the premises a certain mortgage indebtedness held by Alex Davidson.   Upon default being made in the payment of this indebtedness, a foreclosure was had, to which the lessee was not made a party, and Davidson became the purchaser under such sale.   He thereupon demanded that plaintiff in error surrender to him the possession of the premises, and in obedience to such demand the premises were vacated two years before the expiration of the lease.

Plaintiff in error rented other premises which were not as safe or desirable as the premises in question, at a rental of $260 a month, and brought this suit to recover damages sustained by reason of being wrongfully evicted from the premises before the termination of the lease.

The trial court found that on August 1, 1926 (the date the premises were surrendered), the leased premises had a market rental value of $350 per month for the remaining two years of the lease, and also found that plaintiff in error had expended the sum of $702.50 in removing its stock to the newly rented quarters.   Judgment was rendered for plaintiff in error for the difference between the market rental value of the premises of $350 per month and the contract price of $200 per month for the two-year unexpired period in the lease, to which was added the sum of $702.50, expenses of removal.

It is urged that as the plaintiff in error was not a party to the foreclosure proceeding, the judgment rendered therein was not binding on it, and therefore it must be ousted by legal process before there could be a breach of the covenant for quiet enjoyment of the premises.   In other words, that its surrender of the premises upon demand of the owner of the paramount title was insufficient to constitute a legal eviction.

It is true that the lessee, not being a party to the foreclosure proceeding, was not bound by the decree rendered therein.   Lockhart v. Ward, 45 Tex. 227; Alford v. Carver, 31 Tex. Civ. App. 607, 72 S. W. 869; Bateman v. Brown (Tex. Civ. App.) 297 S. W. 775.

The leased premises having been sold during the lessee's term under a decree foreclosing a mortgage given before the lease, and of which it had notice, gave the purchaser a title freed from the obligations of the lease. While no process could have been issued under this judgment which could have operated to dispossess the lessee, yet, when Davidson obtained his deed, he became the legal owner of the property and entitled to its im-

mediate possession. His demand for possession was therefore a rightful one, and the lessee should not be barred from its right to claim damages because it surrendered the property to its lawful owner upon demand being made therefor.

The rule is well established that where a tenant, in good faith, yields possession in pursuance of a judgment of a court of competent jurisdiction to a person adjudged to be the owner of the paramount title, it is in law an eviction as effectual as though he were actually put off the premises. Tiffany on Landlord and Tenant, vol. 2, par. 186; Underhill on Landlord and Tenant, vol. 2, par. 692; Andrews v. Richardson, 21 Tex. 287; Gallagher v. Bennett, 38 Tex. 295; Merryman v. Bourne et al., 9 Wall. 592, 19 L. Ed. 683; Brandt v. Foster, 5 Iowa, 287; Holbrook v. Young, 108 Mass. 83; George v. Putney, 4 Cush. (Mass.) 351, 50 Am. Dec. 788; Morse v. Goddard, 13 Metc. (Mass.) 177, 46 Am. Dec. 728; Foss v. Van Driele, 47 Mich. 201, 10 N. W. 199; Geer v. Boston Little Circle Zinc Co., 126 Mo. App. 173, 103 S. W. 151; Home Life Ins. Co. v. Sherman, 46 N. Y. 370; Lowery v. Yawn, 111 Ga. 61, 36 S. E. 294; Halligan v. Wade, 21 Ill. 470, 74 Am. Dec. 108. The rule, which we regard in consonance with sound reason, is announced in 36 C. J. 272, as follows: "It is not necessary that the tenant should be forcibly ejected or dispossessed of the demised premises by process of law, but he may peaceably yield possession to the person who has the superior title or who has been adjudged to be entitled to the possession, and treat himself as having been evicted. However, an eviction does not arise by a voluntary surrender of possession or a mere assertion of a superior title. The person to whom the tenant yields possession must have a good title and a present right of entry, and tenant must act in good faith and without fraud or collusion.'" .

The case of Basin Park Hotel Ass'n v. Arkansas Co., 151 Ark. 322, 236 S. W. 275, involved a similar state of facts to this case. The Supreme Court of Arkansas held that an eviction was shown, and in passing on the question said: "It would have been a vain and useless thing for the lessees to have waited for the process of the court to put them off the premises when the mortgagee had a valid decree of foreclosure in which it was recited that the purchaser at the sale should take the premises free of the lease. It is true that the mortgagee had the option to continue the lease, and offered to allow the lessees to remain there a few days after the sale. The mortgagee, however, refused to allow the lessees to remain during the term of the lease unless they waived their claim against the lessor for damages and paid it the rent. Under the decree the mortgagee had a right to expel the lessees

from the premises, and its action was equivalent to a threat to do so. The threat to turn out the tenant unless he promised to pay the rent to the mortgagee and waive his claim for damages amounted to a complete ouster or eviction. Smith v. Shepard, 15 Pick. (Mass.) 147, 25 Am. Dec. 432.''

It is stated in the dissenting opinion in the Court of Civil Appeals that the lessee could have prevented its ouster for a considerable time by requiring the owner of the paramount title to prosecute a suit against it to final judgment, and thus the damages due by the lessor would have been minimized. It would seem that after the lessor had made default in payment of the indebtedness against the premises, and thus by his own wrongful act caused the paramount title to be acquired by another, it would be unreasonable to hold the lessee to the duty of suffering the expense and inconvenience of defending a lawsuit, to which it had no defense whatever, in order that lessor's damages might be minimized. We think under such circumstances there is no necessity for the tenant to go through the idle ceremony of being involved in a lawsuit to defend itself against a title which it knows must ultimately prevail.

It is also complained that the measure of damages applied by the trial court was erroneous. It is conceded that in cases of this character the general rule is to allow the lessee to recover the difference between the market rental value of the leasehold for the unexpired term of the lease and the reserved rentals stipulated therein. It is asserted, however, that such rule cannot properly be applied in this case for the reason the lease did not, and could not, have a market value, because, being nonassignable, it could not have been sold by plaintiff in error.

We think this contention overlooks the basic reason underlying such measure of damages. It is the object and purpose of the law to compensate a tenant who has been wrongfully evicted from the premises for the actual loss he has sustained. By permitting him to recover the difference between the market rental value of the leased premises for the unexpired term and the rental reserved in the contract, he is in position to obtain other premises similarly situated and equally desirable, and thus will be adequately compensated for the loss he has sustained. The reason for the rule is thus stated in Sutherland on Damages (4th Ed.) vol. 2, § 561, p. 279: "This rule of damages between the contract and the market price is founded on a consideration that the articles withheld are worth the market price to the vendor, and the vendee may immediately after the breach of the contract go into the market and supply himself at the market price, and, having done so, he is in as good condition as if the contract had been performed."

The fact .that the plaintiff in error had no right to sell said lease cannot operate as a bar to prevent his damages being measured by such a sum as will enable him to secure equally desirable premises. The lease. conferred the legal right on plaintiff in error to the value of the use of the premises for the full term· thereof. This right clearly has a market value, which was established by the proof and found by the court in accordance therewith. The deprivation of such use entitled plaintiff in error to recover the difference between such value and the reserved rental. De La Zerda v. Korn, 25 Tex. Supp. 193; Lloyd v. Capps (Tex. Civ. App.) 29 S. W. 505; Wilkinson v. Stanley (Tex. Civ. App.) 43 S. W. 606; Buck v. Morrow, 2 Tex. Civ. App. 361, 21 S. W. 398; Jonas v. Noel, 98 Tenn. 440, 39 S. W. 724, 36 L. R. A. 862; Milwaukee Mechanics' Ins. Co. v. Frosch (Tex. Civ. App.) 130 S. W. 600; Jones on Landlord and Tenant, 401, § 369; 36 C. J. 83, § 709; 2 Underhill on Landlord and Tenant, 1184, § 698; 3 Sedgwick on Damages, § 1022.

We also conclude that plaintiff in error was properly allowed, as special damages,· the expense of removal to its newly rented quarters.

Believing proper judgment was rendered in the court below, we recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the trial court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.