The CITY OF ABILENE et al., Appellants,

v.

Malcolm M. MEEK et al., Appellees.

No. 3363.

Court of Civil Appeals of Texas.

Eastland.

Feb. 28, 1958.

Rehearing Denied March 21, 1958.

Smith, Bickley & Pope, Abilene, for appellants.

Scarborough, Black & Tarpley, Wagstaff, Harwell, Alvis & Pope, Abilene, for appellees.

WALTER, Justice.

This is a suit by The Citizens National Bank in Abilene, Texas, a national banking corporation, and Malcolm M. Meek, C. M. Caldwell, W. G. Swenson and W. J. Fulwiler, Jr., individually and as a class representing all of the stockholders of the bank, against the City of Abilene and its assessor-collector of taxes seeking to enjoin them from collecting a tax upon the shares of stock of the bank for the year 1956. The bank and its stockholders also sought a declaratory judgment construing a portion of Article 7166 of the Revised Civil Statutes of Texas, which is as follows:

"Each share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed."

The city and its tax collector answered by filing a general denial, asserting that the shares of stock had been properly assessed and, in the alternative, if it were determined by the court that the stock had been improperly assessed, that the court construe the statute authorizing the tax and in this respect asked for a declaratory judgment.

The case was tried before the court without a jury resulting in a judgment in favor of the bank and its stockholders, finding no tax due the city, granting a permanent injunction and said judgment further provides the following:

"— the City of Abilene for the year 1956 adopted a uniform plan of assessment of all property at 55 percent of its actual value and that the actual cash value of all of the bank's real estate on the 1st day of January, 1956, was $2,625,834.00, 55 percent of which was accepted by the city as the assessed value of said real estate for said year in the sum of $1,444,210.00 and that plaintiff bank has paid the taxes for said year on said real estate in the sum of $34,667.04, and that the total actual cash value of all of the shares of stock in said bank on January 1, 1956, was $2,030,261.13, 55 percent of which would be $1,116,643.30, and that the correct method for ascertaining the tax liability against the shares of stock for said year and all other years under existing law is to subtract the assessed value of the real estate from the total assessed value of the shares and that according to said formula there is no tax due for the year 1956 —."

From this judgment the city has appealed asserting the court erred in enjoining the collection of taxes because they had been properly assessed, and because the formula used by the court is incorrect, and because the court used an incorrect method in establishing the value of the shares of stock under Article 7166.

No findings of fact or conclusions of law were requested by the appellants.

■ It is elementary that when the appellant contests the trial court's judgment without requesting findings of fact or conclusions of law, we must assume that the trial court's findings were all in support of its judgment; and the judgment must be affirmed if there is any evidence of probative force to support it upon any theory authorized by law.

It was stipulated by the parties that the city for the year 1956 adopted and undertook to follow a uniform plan of assessment of all property within the city and fixed that basis at 55% of the actual value of the property. It was further stipulated by the parties that the actual value of the real estate rendered for taxes by the bank in 1956 was $2,625,834 and that acting under the above formula the city assessed the bank's real estate at $1,444,210 and thereby fixed the tax on the real estate at $34,667.04, which sum the bank has duly paid.

It was further stipulated by the parties that the taxing authorities for the year 1956 arrived at the value of the shares of stock in the other two banks in Abilene by totaling the capital, surplus and undivided profits of each bank. It was further stipulated that this method of arriving at the value of the shares of stock is a method generally accepted by cities throughout the State of Texas.

It is the contention of the city that the proper method of arriving at the value of shares of stock is the same as that used to determine the value of shares of stock of the other two banks at Abilene by totaling the capital, surplus and undivided profits. The evidence in this case conclusively shows that the bank's capital stock, surplus and undivided profits amounted to $2,030,261.13 and the court found 55% of this figure to be $1,116,643.30. It is the further contention of the city that in calculating the tax liability of the shareholders under Article 7166, the value of the bank's real estate as reflected in its statement of the condition of the bank as of December 31, 1955, should be used instead of the assessed value placed upon said real estate by the city. In the condensed statement of the condition of the bank which was filed with the comptroller of currency, as required by statute, the bank placed a value on the bank premises at $1,012,834.50 and on other real estate at $125,020. The city used the values placed upon the real estate in this statement in arriving at the shareholder tax liability under the statute; it resulted in a tax against the shareholders of $11,629.92 which has been paid by the bank for its stockholders under protest.

It is the contention of the bank that it is improper for the city to use the value of the real estate as shown by the statement as a basis for determining the tax because the bank has actually rendered its real estate with the city for a total value of $2,625,834 and its real estate has been actually assessed by the city for $1,444,210. It is the bank's contention that in the above quoted statute where the words "its real estate is assessed" are used, it means the actual assessed value of the real estate placed thereon by the city.

The only witness used in the trial of this case was Oliver Howard, vice president of the bank. It was brought out on cross-examination of this witness that a full and complete disclosure of the cost of the bank's premises was made to the city. It was explained by the witness Howard there was an indebtedness of $1,650,000 against the bank's real estate; but the city was authorized to and did assess its real estate for its full value and not just the bank's equity, which accounted for the difference in the values of its real estate.

■■ The parties in their oral argument before this court have stated there are no cases in Texas on this question, and we have been unable to find one. We are, therefore, called upon to construe this stat-

ute and in doing so we are aided by the following rules:

"There is but one rule of construction and that is that the legislative intent must govern. All other canons of interpretation so-called are but grounds of argument resorted to for the purpose of ascertaining the true meaning of the law.

"Resort may be had to the canons of construction when necessary to determine the meaning of an ambiguous statute. But a court will not assume to construe or interpret a statute if there is no necessity for it to do so, that is, if the statute is susceptible of but one construction. On the contrary, it is settled by many decisions that there is no room for construction when the law is expressed in plain and unambiguous language and its meaning is clear and obvious." 39 Tex.Jur. 160, 161.

■ We hold the applicable portion of Article 7166 is susceptible of but one construction and the statute is expressed in plain and unambiguous language.

■ We must now consider if there was any evidence of probative value in this record upon which the court could base his findings of values and his method of establishing the liability of the shareholders. We hold that the court's findings on these issues are supported by the stipulations of the parties and the evidence of the witness Howard. We also hold that the trial court correctly applied the law to these fact findings. The court would be indulging in acts of legislation if it followed the formula used by the city. The city is asking the court to provide a different method of taxing the shares of stock than the one provided for in Article 7166.

"The proper function of a court in this connection is to declare and enforce the law as made by the Legislature,—to determine with as much definiteness and certainty as may be what the law is as it stands, rather than to announce what the law should be or to speculate as to why it is as it is. Accordingly, a court is not authorized, under any pretext, to modify [sic] repeal or re-write a statute, nor * * * even to construe an unambiguous act to conform to its own notions of justice, policy [sic] propriety or wisdom." 39 Tex.Jur. 163–164.

When the legislature used the words "at which its real estate is assessed" it could be referring to but one figure and that was the one placed thereon by the city taxing authorities when it assessed the bank's real estate.

The appellant in its brief sets out the formula from the express adjudication portion of the court's judgment. The important part of which is as follows:

"From the *total* value of the shares of stock in said bank first subtract the assessed value of all the real estate—."

It is also provided in the recital portion of the judgment as follows:

"—the correct method for ascertaining the tax liability against the shares of stock for said year and all other years under the existing law is to subtract the assessed value of the real estate from the total assessed value of the shares of stock."

Counsel for the city in his argument before this court concedes that when the judgment is read in its entirety and taken as a whole, the formula set out in the recital portion of the judgment is controlling. We, therefore, hold that the formula set out in the recital portion of the judgment is correct and controlling.

The judgment of the trial court is affirmed.

GRISSON, C. J., disqualified and not sitting.