**Paul W. DRUMMET, Appellant,**

v.

**Thomas W. BEAL et ux., Appellees.**

**No. 3662.**

Court of Civil Appeals of Texas.

Eastland.

Feb. 23, 1962.

Rehearing Denied March 16, 1962.

**702**

Dyche, Wheat & Thornton, Houston, for appellant.

Boone & Kraft, Houston, for appellees.

WALTER, Justice.

Appealed from the 113th Judicial District Court of Harris County.

Thomas W. Beal and wife Thelma Beal filed suit against Paul W. Drummet for damages resulting from their eviction, by one having paramount title, from an airport which the Beals had leased from Drummet. Based on a verdict, judgment was rendered for the Beals for $59,678.15.

Drummet has appealed contending the court erred in rendering such judgment because there was no evidence, and insufficient evidence, to support the amount of the verdict and judgment and that the judgment is against the great weight and preponderance of the evidence. He also contends the court erred in failing to deduct the earnings of the Beals and the value of their services to the operation of the airport for the unexpired portion of the lease.

In 1956 Drummet leased some land to the Beals for a term of ten years for a consid-eration of $40,000.00, payable in one hundred and twenty equal installments. The Beals made all necessary improvements on the property to operate an airport. In February 1958 the Beals learned that the Houston Lighting and Power Company owned a strip of land within the leased premises and that the company was making plans to erect high transmission lines on this property. Drummet represented to the Beals that the transmission lines would be re-routed and would not interfere with his operations at the airport. In 1959 the Beals learned that the lines would not be re-routed and the power company had actually begun work preparatory to the erection of its lines. The Beals then notified Drummet they were vacating the premises because of the impending erection of the power lines.

We copy the following from appellant's brief:

"This case was submitted to the jury, and judgment rendered, in accordance with the rule of law set forth by Commission of Appeals of Texas in the case of B. F. Avery & Sons' Plow Company v. Kennerly, et al. (1929), Tex.Com.App., 12 S.W.2d 140, 141:

" 'It is conceded that in cases of this character (wrongful eviction) the general rule is to allow the lessee to recover the difference between the market rental value of the leasehold for the unexpired term of the lease and the reserved rentals stipulated therein.'

"The jury was instructed, in this connection, as follows:

" 'What do you find from a preponderance of the evidence would have been the reasonable rental value per month on March 1, 1959, of the lands described in Plaintiff's Exhibit No. 1, together with the improvements constructed thereon by Plaintiff, for use as an airport, if the Houston Lighting & Power Company had not had the right to construct an electric transmission line thereon.'

"In response to this issue the jury answered, $1,100.00 per month. The jury also found that plaintiffs would have been required to pay $55.00 per month additional rental during the remaining term of the lease because of the override provision in the lease on sales of gasoline and oil.

"The amount of the judgment was computed by multiplying the rental value per month found by the jury ($1,100.00) by the number of months remaining in the term of the lease (87), to arrive at $95,700.00. From this sum was subtracted an amount that is the sum of the fixed monthly rental ($333.33) for the remaining term, plus the monthly 'override rental' arrived at by the jury ($55.00) for the remaining term. This amount to be subtracted was computed at $33,784.71. Accordingly, plaintiffs' gross damages were computed to be $95,700.00 less $33,784.41, or $61,915.29. From this amount was subtracted the back rentals owing by plaintiffs ($2,237.14), to arrive at the amount of the judgment—$59,678.15.

"The error complained of is that the evidence in the case will not support the answer to the jury respecting rental value".

Appellees do not agree with the above statement and assert the following:

"Appellees, Plaintiffs in the trial court, do not fully agree with the Statement of Appellant, Defendant below, under his First, Second and Third Points of Error, in which it is said that this case was submitted to the jury, and judgment rendered in accordance with the general rule of law set forth by the Commission of Appeals in the case of B. F. Avery & Sons Plow Co. v. Kennerly, 12 S.W.2d 140 (1929), for the reason that the evidence clearly shows the leased premises to have had no market rental value as of March 1, 1959. Undoubtedly the case was submitted to the jury, and judgment rendered, in accordance with the purpose underlying the general rule, which is stated by the court in that case, at page 141, as follows:

'* * * It is the object and purpose of the law to compensate a tenant who has been wrongfully evicted from the premises for the actual loss he has sustained. By permitting him to recover the difference between the market rental value of the leased premises for the unexpired term and the rental reserved in the contract, he is in position to obtain other premises similarly situated and equally desirable, and thus will be adequately compensated for the loss he has sustained' ".

The rule is well settled that it is not necessary for a tenant to be actually dispossessed by the holder of the superior title in order for him to have a cause of action for eviction. It is sufficient that the tenant yield possession on demand or hostile or adverse assertion of paramount title by the holder thereof. 7 Tex.Law Review, page 658 and authorities cited therein. "The measure of damages is, primarily, the difference between the actual value of the term and the sum stipulated to be paid as rental." 27 Tex.Jur. Page 228.

The appellant's point that there is no evidence to support the amount of the verdict and judgment can not be sustained. Our Supreme Court in Barker v. Coastal Builders, 153 Tex. 540, 271 S.W.2d 798, speaking through Justice Griffin, said: "In considering the evidence to determine whether there is evidence to support the jury's answer to Special Issue No. One, we must consider that evidence most favorable to the Barkers, as they were the party prevailing in the trial court. Blanks v. Southland Hotel, 149 Tex. 139, 229 S.W.2d 357; Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410; Renfro Drug Co. v. Lewis, 149 Tex. 507, 235 S.W.2d 609, 23 A.L.R. 1114; Schiller v. Elick, 150 Tex. 363, 240 S.W.2d 997." In passing on the no evidence point, we must therefore, consider the evidence in the light most favorable to the Beals.

■ Without objection from Drummet, the issue submitted to the jury inquired as to the "reasonable rental value" of the leased premises rather than the "market

rental value." On this issue Beal testified substantially as follows: That he had leased Gulf Coast Airport from May 1946 to April 1956 and during such time carried on a comparable operation with similar facilities and that in 1955 at Gulf Coast his net earnings were almost $12,000.00; that he went into possession of Bealine Airport in June 1956, at which time there were no buildings or other improvements other than a sod runway; that he erected a shop building and two aircraft hangars, drilled a water well, erected a $6,000.00 airport beacon, built an office building and pilot's lounge, built runways, taxiways and parking areas, installed runway marker lights, provided electric service to the premises, installed twenty tie-down anchors for outside storage of aircraft and started erecting an east-west runway, which was not completed because of the eviction. He further testified that the reasonable value of the improvements placed on Bealine was $50,600.00 and that he knew of no other airport with similar improvements that was being rented. Other witnesses testified for Beal and V. P. Ringer and others testified for Drummet and exhibits bearing upon the reasonable rental of the premises were introduced in evidence.

We find that there was some evidence of probative force to support the jury's answer to the issue of reasonable rental value of the premises.

We have considered all the evidence and find that the verdict of the jury is not against the great weight and preponderance of the evidence. In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

At the time of the trial Thomas Beal was a pilot for Saturn Airlines, earning from $460.00 to $480.00 per month. Thelma Beal testified that at the time of the trial she was averaging not less than $250.00 per month from office work. No issues were requested or submitted as to the earnings of the Beals for the unexpired term of the lease, nor as to the value of their services in the operation of the airport for such period.

■ Appellant's points that the court erred in failing to deduct from the amount of the judgment the earnings of the Beals and an amount equal to the value of their services in the operation of the airport for the unexpired portion of the lease, cannot be sustained. Assuming, without deciding, that the appellants were entitled to deduct these two items from the judgment, appellant's failure to request issues or object to the court's charge constituted a waiver of these points. Texas Prudential Insurance Company v. Dillard, 158 Tex. 15, 307 S.W.2d 242; Texas Rules Civ.Proc. 279.

We have examined all of appellant's points and find no merit in them. They are overruled.

The judgment is affirmed.