The CITY OF MIDLAND et
al., Appellants,

v.

The MIDLAND NATIONAL BANK
et al., Appellees.

No. 6942.

Court of Civil Appeals of Texas,
El Paso.

Oct. 22, 1980.

Rehearing Denied Nov. 19, 1980.

Joseph M. Nuessle, City Atty., Leslie C. Acker, County Atty., Cotton, Bledsoe, Tighe, Morrow & Dawson, Charles L. Tighe,

Charles C. Aldridge, Midland, for appellants.

Baker & Botts, Frank W. R. Hubert, Jr., Houston, Stubbeman, McRae, Sealy, Laughlin & Browder, Harrell Feldt, Midland, for appellee.

Robert M. Collie, Jr., City Atty., Jay D. Howell, Jr., Senior Asst. City Atty., Edward A. Cazares, First Asst. City Atty., Daniel Doherty, Asst. City Atty., Houston, for amicus curiae, City of Houston.

OPINION

STEPHEN F. PRESLAR, Justice.

This is a suit brought by Appellees to enjoin Appellants from the taxation of the capital stock of the Bank under the provisions of Article 7166 of Tex.Rev.Civ.Stat. Ann. We reverse the judgment of the trial Court granting the injunction.

This suit was brought by the Midland National Bank, Gerald D. Hines and William P. Franklin, suing as a stockholder of The Midland National Bank and representing as a class all of the stockholders of The Midland National Bank. Article 7166 subjects each share of stock in Texas banking institutions to a statutory ad valorem tax, but provides "[e]ach share in such bank shall be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate is assessed." The question here is whether The Midland National Bank is entitled to deduct the value of The Midland National Bank Tower in arriving at the amount of ad valorem taxes owed by the Bank under the above provision of the statute. The Bank contends it is the owner of the Tower, and it has paid into the Registry of the Court the taxes due on the Tower and all other property owned by the Bank. The Appellants, taxing authorities, in this case have refused to deduct the value of The Midland National Bank Tower from the value of the Bank's stock.

The Bank owns the real estate on which the Tower is located, and, under a complicated financing arrangement, it executed a

46–year ground lease to Hines covering the real estate. Hines borrowed money from a Houston bank and constructed the Tower building. Under a separate lease agreement, Hines leased a portion of the Tower building to the Bank, and Hines and the Bank divide equally the profits from leasing the remainder of the building to other tenants. The Appellants taxing authorities, have treated the Bank Tower as the realty of Hines in disallowing its deduction from the value of the stock shares under Article 7166. The Bank contends that the Tower building is part of the Bank's realty and the Bank is entitled to deduct the value of the building, and the trial Court's judgment is proper. Appellants, in addition to disputing the ownership of the Tower, contend that Appellees cannot subtract the value of the Tower because the Bank did not list it as part of its assets to be used in computation of the value of the stock. This case was submitted to the trial Court on stipulations and documents, and among those stipulations are the facts that the value of the Tower was not shown on the Call Report filed by the Bank with the U. S. Comptroller of the Currency reflecting the financial condition of the Bank, and the value of the Bank Tower was not shown on the "Financial Statement or Balance Sheet." It was stipulated by the parties that the actual cash value of the Bank's stock was calculated by taking the sum of the Bank's capital, surplus, and undivided profits, and that this is the usual and customary method used in Texas to arrive at such value. Thus, the Appellants assessed the capital stock of the Bank for personal property taxes according to the total of capital, surplus, and undivided profits shown on the Bank's statement of condition as of December 31, 1975. The Tower building was not carried on the Bank's books nor taken into consideration in arriving at the value of the Bank's capital stock. It is for that reason we have concluded that the judgment must be reversed.

Article 7166 requires a bank to render its real estate to the tax assessor at the time and in the manner required of individuals. It also requires that every shareholder shall render at their actual value to the tax assessor all shares owned by him in such bank. It then provides, as above quoted, that the bank's capital stock shall be taxed only for the difference between its actual cash value and the amount at which its real estate is assessed. The tax due is on the difference between the value of the real estate and the stock. Obviously, that difference can only be ascertained by correct figures as to the value of both. That has not happened here because the value of the Tower was not included in the list of property used in fixing the value of the stock. The Appellees, taxpayers, brought this suit pleading that the effect of Article 7166 is to prevent double taxation and that Appellants, the taxing authorities, refuse to allow the Bank to deduct the assessed value of the Tower from the value of the stock. Double taxation has not occurred here because the same property has not been taxed twice. Article 7166 prevents double taxation. It avoids having a bank pay on its real estate as such and then have its shareholders pay taxes again on the same real estate as part of the assets used in computing the value of the capital stock. See: *City of Marshall v. Bank of Marshall*, 127 S.W. 1083 (Tex.Civ.App.–1910, writ ref'd). And, see the holding of Attorney General Opinion No. H–124 dated October 10, 1973, that the apparent purpose of the statute is to avoid double taxation. Here, the Bank has paid the taxes on the Tower but the Tower was not used in computing the value of the capital stock. We hold that the Bank is not entitled to deduct the value of the Tower because the value of the Tower was not included and considered in arriving at the value of the Bank's shares.

*City of Abilene v. Meek*, 311 S.W.2d 654 (Tex.Civ.App.–Eastland 1958, writ ref'd), is no precedent in this case. That case decided that assessed value rather than book value was mandated by Article 7166. Only assessed values are involved in the case before us.

The judgment of the trial Court is reversed and judgment is here rendered that, in accordance with stipulations of the par-

ties, The Midland National Bank pay additional taxes for the year 1976 to Appellants as follows:

1. to the City of Midland, the sum of $68,550.37;
2. to Midland County, the sum of $30,-354.59;
3. to the State of Texas, the sum of $3,834.26;
4. to Midland Junior College District, the sum of $18,640.89;
5. to the Midland Independent School District, the sum of $97,714.34;

together with statutory interest and penalty from February 1, 1977.