**BLUEBONNET SAVINGS BANK f/k/a Consolidated Federal Savings Bank, et al., Petitioners,**

v.

**JONES COUNTRY, INC., Respondent.**

No. 96–0042.

Supreme Court of Texas.

April 12, 1996.

Rehearing Overruled May 31, 1996.

R. Lynn Fielder, Keith B. Cummiskey, Dallas, for Petitioners.

Nelda Carmen Sanc Adamson, Clayton E. Dark, Jr., Lufkin, for Respondent.

PER CURIAM.

This case involves application of the federal common law *D'Oench, Duhme* doctrine. The court of appeals held that the parties memorialized their agreement in the bank's files according to *D'Oench, Duhme* requirements. 911 S.W.2d 871. We disagree.

 The *D'Oench, Duhme* doctrine protects the FDIC and its assignees, who receive a failed financial institution's assets, from a borrower who has "lent himself to a scheme or arrangement" which is likely to mislead banking authorities. *See D'Oench, Duhme & Co. v. FDIC,* 315 U.S. 447, 458–61, 62 S.Ct. 676, 681, 86 L.Ed. 956 (1942); *Bell & Murphy & Assoc., Inc. v. Interfirst Bank Gateway, N.A.,* 894 F.2d 750, 754 (5th Cir.), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990); *First Heights Bank v. Gutierrez,* 852 S.W.2d 596, 606 (Tex.App.— Corpus Christi 1993, writ denied). In particular, the doctrine bars the use of an unrecorded agreement between a borrower and the failed bank as a basis for defenses or claims against the FDIC or its assigns. *Bowen v. FDIC,* 915 F.2d 1013, 1016 (5th Cir.1990); *see also Stiles v. Resolution Trust Corp.,* 867 S.W.2d 24, 25 (Tex.1993). The United States Supreme Court defines "agreement" broadly to include individual terms of the agreement. *Langley v. FDIC,* 484 U.S. 86, 92, 108 S.Ct. 396, 401–402, 98 L.Ed.2d 340 (1987) (construing 12 U.S.C. § 1823(e), the doctrine's codified version, by reference to the common law doctrine).

Jones Country alleges that a failed savings and loan, Home Savings & Loan Association of Lufkin, agreed to procure insurance for a bus Jones Country owned.[1] Jones Country claims that several documents in the bank's files evidence the agreement. These documents include: Home Savings' journal voucher, a personal check from Jones Country to Home Savings, wire transfers from Home Savings to an insurance agent, the promissory note, and a memorandum entitled "Info on Jones Insurance."

The court of appeals found that the note "clearly" memorialized Home Savings' agreement to procure insurance for Jones Country. 911 S.W.2d at 874. However, the note does not clearly or otherwise impose that obligation on Home Savings. Instead, the note reflects that its purpose was an "Insurance Premium" loan and that Home Savings will pay the amount financed "To Property Insurance Company." There is a significant difference between an agreement to loan money for the purpose of procuring insurance and an agreement to procure such insurance.

 To satisfy *D'Oench, Duhme* there must be more than a writing indicating that there is some type of an agreement. The specific term a party seeks to enforce against the receiver must be in writing in the bank's files. *See Langley,* 484 U.S. at 92, 108 S.Ct. at 401–402. At most, this note is an agreement to furnish a loan for the purpose of procuring insurance and transmitting the funds directly to the insurance company.

 The court of appeals also found that the documents, considered with the previous year's transactions, show that Home Savings agreed to procure the insurance. 911 S.W.2d at 874–75. However, *D'Oench, Duhme* prohibits consideration of an agreement's im-

---

1. The Federal Home Loan Bank Board declared Home Savings insolvent and appointed the FSLIC as receiver. The FSLIC assigned Home Savings' assets to Bluebonnet Savings Bank. Jones Country sued Bluebonnet Savings Bank as successor in interest to Home Savings. For simplicity, we refer only to Home Savings in the discussion.

plied terms. *See FDIC v. Hamilton*, 939 F.2d 1225, 1231 (5th Cir.1991) (applying § 1823(e)). Also, that Home Savings acted in a manner convenient to itself and Jones Country does not satisfy *D'Oench, Duhme*. *See Beighley v. FDIC*, 868 F.2d 776, 784 (5th Cir.1989) (applying § 1823(e) and common law *D'Oench, Duhme* ).

In summary, none of the documents Jones Country points to express an obligation that Home Savings procure insurance for Jones Country. Therefore, *D'Oench, Duhme* bars Jones Country's claim as a matter of law. Without hearing oral argument, this Court reverses the court of appeals' judgment and renders judgment that Jones Country take nothing. *See* Tex.R.App.P. 170.