**Reverse and Remand; Opinion Filed November 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00439-CV

**KIMZEY WASH, LLC, Appellant**
**V.**
**LG AUTO LAUNDRY, LP, Appellee**

**On Appeal from the 429th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 429-02079-2010**

## OPINION

Before Justices O'Neill, Lang-Miers, and Evans
Opinion by Justice Evans

Kimzey Wash, LLC appeals from a take-nothing summary judgment in favor of LG Auto Laundry on Kimzey's lawsuit seeking declaratory relief to quiet title on certain real property in which LG has asserted a leasehold interest. Kimzey argues that the trial court should have rendered summary judgment in its favor because it conclusively established that (1) LG's ground lease was extinguished by the foreclosed deed of trust from which Kimzey's predecessor-in-interest obtained title to the property; (2) the *D'Oench, Duhme* doctrine and section 1823(e) of chapter 12 of the United States Code precludes LG from enforcing its subordination agreement with the failed mortgagee bank; and (3) as a bona fide purchaser, Kimzey took title to the property free of LG's claimed interest. For the reasons that follow, we reverse the trial court's judgment and remand this cause to the trial court with instructions to render judgment declaring

–1–

Kimzey the owner of the property described in the petition free and clear of LG's ground lease and for further proceedings consistent with this opinion through final judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

On February 8, 2007, LG Auto Laundry, LP sold a .805-acre tract in Collin County to Shammy Man Auto Wash II, LP. Shammy purchased the premises in part with a loan from Millenium State Bank that was secured by a deed of trust executed on February 8, 2007. On that date, LG and Shammy also signed a ground lease granting LG possession of a .0625-acre portion of the tract containing a cellular tower and acknowledging the cellular tower as LG's property for the term of the lease.[1] The ground lease further provided it would be subject and subordinate to any of Shammy's mortgages and deeds of trust encumbering the premises but also subject to any subordination, non-disturbance and attornment agreement executed by a mortgage holder "which will state, among other things, if any deed of trust or mortgage is foreclosed, . . . this lease shall not terminate or be terminable by the purchaser at foreclosure . . . and TENANT shall attorn to the purchaser at such foreclosure sale." The warranty deed, deed of trust, and a memorandum of ground lease were recorded in the real property records of Collin County on February 9, 2007. LG and Millenium then signed a Subordination, Non-Disturbance and Attornment Agreement (SNDA) providing, among other things, that in the event proceedings to foreclose the deed of trust were instituted, LG's possession of the leased premises would not be disturbed. The SNDA had an effective date of February 8, 2007 which was the date stated for LG's execution, but Millenium's execution was dated April 11, 2007 and the SNDA was not recorded in the Collin County real property records.

---

[1] The cellular tower was surrounded by a wrought iron fence.

Shammy defaulted on its loan with Millenium, and the property was posted for a foreclosure sale pursuant to Millenium's deed of trust. Before the foreclosure sale occurred, however, the Federal Deposit Insurance Corporation took over Millenium and transferred its assets, including Shammy's loan and deed of trust, to State Bank of Texas. On July 7, 2009 State Bank held the posted foreclosure sale and ultimately acquired title to the property by substitute trustee's deed. Kimzey purchased the property from State Bank by warranty deed about four months later, on November 24, 2009. In May 2010, Kimzey filed this lawsuit asserting, among other things, State Bank's foreclosure of the deed of trust extinguished the LG's ground lease. Kimzey also claimed it was a bona fide purchaser and that the LG/Millenium SNDA was unenforceable against it pursuant to the *D'Oench, Dhume* doctrine and 12 U.S.C. § 1823(e).

Both parties moved for summary judgment. LG filed a traditional summary judgment motion asserting that *D'Oench, Duhme* and 12 U.S.C. § 1823(e) did not apply and Kimzey was not a bona fide purchaser. Kimzey filed a summary judgment motion asserting both traditional and no-evidence grounds. Kimzey argued that it conclusively established its status as a bona fide purchaser. It also contended the SNDA was unenforceable pursuant to *D'Oench, Duhme* and that LG had no evidence the SNDA satisfied the elements for the exception set forth in 12 U.S.C. §1823(e). The trial court denied Kimzey's summary judgment motion, granted LG's motion, and rendered a take-nothing judgment against Kimzey. This appeal followed.

## ANALYSIS

We review a trial court's summary judgment de novo. *See Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). The party moving for a traditional summary judgment has the burden of establishing there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *See* TEX. R. CIV. P. 166a(c). In a no-evidence motion

for summary judgment, however, the non-movant must present evidence raising a genuine issue of material fact on each challenged element of a claim or affirmative defense on which the nonmovant has the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006). Where, as here, both parties move for summary judgment and the trial court grants one motion and denies the other, we review both motions and the summary judgment evidence, determine all questions presented, and render the judgment the trial court should have rendered. *See Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009).

We begin our discussion with the general rule that a valid foreclosure of a lien terminates any leases entered into subject to that lien. *See Fleetwood v. Med. Ctr. Bank,* 786 S.W.2d 550, 555 (Tex. App.—Austin 1990, writ denied); *B.F. Avery & Sons' Plow Co. v. Kennerly*, 12 S.W.2d 140 (Tex. Comm'n App. 1929, judgm't adopted) (original mortgagee who purchased property at foreclosure of mortgage given before the lease held clear title unencumbered by lease). Here, the ground lease specifically states that it was subordinate to the Millenium deed of trust. Consequently, foreclosure of the deed of trust necessarily extinguished LG's ground lease by the express terms in the ground lease itself. The question we must address, therefore, is whether the SNDA may be used to support LG's position that the ground lease survived the foreclosure of the Millenium deed of trust. The SNDA, while acknowledging the superiority of Millenium's deed of trust, provides that the ground lease will survive, and LG's possession of the lease tract would not be disturbed, by the foreclosure of the deed of trust. Kimzey argues that once the FDIC took over Millenium and acquired the Shammy loan and deed of trust, the SNDA was unenforceable because it did not meet the requirements of the *D'Oench, Duhme* doctrine and section 1823(e). *See* 12 U.S.C. § 1823(e).

Generally, the *D'Oench, Duhme* doctrine and its federal codification provide that no agreement which tends to diminish or defeat the interest of the FDIC in any asset acquired as security for a loan, or by purchase, or as a receiver of any insured bank, shall be valid against the FDIC and its assigns unless it is in writing, executed by the bank contemporaneously with the bank's acquisition of the asset, approved by the bank's board of directors or loan committee which approval shall be reflected in the minutes of the board or committee, and has been from its execution an official record of the bank. 12 U.S.C. § 1823(e); *Bluebonnet Sav. Bank v. Jones Country, Inc*., 920 S.W.2d 670, 671 (Tex. 1996). The essence of the doctrine is that the FDIC is entitled to rely on, to the exclusion of extraneous matters, the official bank records setting forth the rights and obligations of the bank and those to whom the bank lends money. *FSLIC v. T.F. Stone-Liberty Land Assocs.*, 787 S.W.2d 475, 490 (Tex. App.—Dallas 1990, writ dism'd by agr.).

LG asserts the SNDA executed by Millenium ensured the ground lease survived the foreclosure of the deed of trust. It further argues that the *D'Oench, Duhme* doctrine does not prevent its enforcement because LG was neither a borrower nor guarantor of a debt and this matter does not involve a claim by or against the FDIC. LG cites no authority for its position and our review of the case law reveals the doctrine and section 1823(e) are not so limited. *See generally* 12 U.S.C. § 1823(e). *D'Oench, Duhme* has been used to defeat a lessor's breach of fiduciary duty claim against a failed bank that made a loan to the lessee, not the plaintiff-lessor. *See FDIC v. Zoubi*, 792 S.W.2d 825, 829 (Tex. App.—Dallas 1990, no writ). *D'Oench, Duhme* has also been applied to the benefit of a third-tier private assignee of an asset acquired by the assignor bank from the Resolution Trust Corporation. *See UMLIC-Nine Corp. v. Lipan Springs*

*Dev. Corp.*, 168 F.3d 1173, 1179 (10th Cir. 1999).  We have found no authority or policy reason supporting LG's argument and LG provides none.

LG also argues that *D'Oench, Duhme* and its subsequent codification do not apply here because the SNDA did not diminish the FDIC's interest in Millenium's mortgage or deed of trust.  It contends the SNDA is merely a contract intended to protect LG's right to occupy the strip of land containing the cellular tower and does not alter the relationship between the original lender and borrower.  We are unpersuaded by this argument for the following reason.  On its face, the SNDA in part relinquishes Millenium's lien priority to the extent it provided that any foreclosure of the deed of trust would not disturb LG's possession of the lease tract.  Absent the SDNA, any foreclosure of the Millenium deed of trust would have necessarily extinguished LG's ground lease.  *See Fleetwood,* 786 S.W.2d at 555; *Kennerly*, 12 S.W.2d at 140–41.  Because enforcement of the SNDA tends to diminish the FDIC's interest in the Millenium assets at issue, we conclude that the *D'Oench, Duhme* doctrine applies here as a matter of law.

LG further contends that Kimzey is improperly using the federal defenses of *D'Oench, Duhme* and section 1823(e) as a sword to invalidate its ground lease.  We do not agree.  We understand Kimzey to assert that the foreclosure of the Millenium deed of trust extinguished LG's ground lease and vested free and clear title to the property to Kimzey, as successor in title to State Bank, who purchased the property at the foreclosure sale.  To the extent LG claims the SNDA prevents the foreclosure from extinguishing its ground lease, Kimzey merely contends that *D'Oench, Duhme* and section 1823(e) preclude enforcement of the SNDA.  Accordingly, we conclude LG's argument that Kimzey is improperly using the doctrine to invalidate its ground lease lacks merit.

Finally, LG argues that even if *D'Oench, Duhme* applies, the SNDA here is nevertheless enforceable because it meets all requirements of section 1823(e).[2] Pursuant to the federal codification, the SNDA is enforceable if it: (1) is in writing, (2) executed by the failed bank contemporaneously with the bank's acquisition of the asset, (3) was approved by the failed bank's board of directors or its loan committee, "which approval shall be reflected in the minutes of said board or committee," and (4) has been continuously, from the time of its execution, an official record of the failed bank. *See* 12 U.S.C. § 1823(e).

LG contends the following summary judgment evidence satisfies the statute's requirements: the SDNA itself, which is in writing; deposition testimony from Millenium Vice President Marion Tarin who stated he executed the SNDA on behalf of and at the direction of Millenium in the normal course and scope of his duties. Even so, there is no evidence in the record that that the SNDA was executed contemporaneously with the note and deed of trust. To the contrary, the record reflects that the SDNA was signed by Tarin two months after LG executed the document. Moreover, there is no evidence that the SNDA was approved by either Millenium's board of directors or its loan committee or that an approval appeared in the bank's minutes. There is also no evidence that from the time of its execution the SNDA has been continuously an official record of Millenium. Based on the summary judgment record before us, the SNDA did not establish that it met the requirements for enforceability under section 1823(e).

---

[2] LG also argues that because State Bank became the fee simple owner of the property after the foreclosure, any lien rights under Millenium's deed of trust were necessarily extinguished through the merger of title and were no longer subject to *D'Oench, Duhme* or section 1823(e). Because LG did not raise this argument in its summary judgment motion or its response to Kimzey's motion, we cannot consider it on appeal. *See* TEX. R. CIV. P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979).

## CONCLUSION

We conclude that *D'Oench, Duhme* and section 1823(e) bar LG from enforcing its SNDA with Millenium as a matter of law. Without an enforceable SNDA, we further conclude that Kimzey acquired the property in question from State Bank free and clear of LG's leasehold interest which was extinguished upon the foreclosure sale. Our disposition of these issues make it unnecessary to address Kimzey's remaining issue of whether it was a bona fide purchaser. We reverse the trial court's judgment and remand this cause to the trial court with instructions to render judgment declaring Kimzey the owner of the property described in the petition free and clear of LG's ground lease and for further proceedings consistent with this opinion through final judgment.

/David Evans/
DAVID EVANS
JUSTICE

120439F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

KIMZEY WASH, LLC, Appellant

No. 05-12-00439-CV        V.

LG AUTO LAUNDRY, LP, Appellee

On Appeal from the 429th Judicial District Court, Collin County, Texas
Trial Court Cause No. 429-02079-2010
Opinion delivered by Justice Evans, Justices O'Neill and Lang-Miers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court with instructions to render judgment declaring Kimzey Wash, LLC the owner of the property described in the petition free and clear of LG Auto Laundry, LP's ground lease and for further proceedings consistent with our opinion through final judgment.

It is **ORDERED** that appellant Kimzey Wash, LLC recover its costs of this appeal from appellee LG Auto Laundry, LP.

Judgment entered this 26th day of November, 2013.

/David Evans/
DAVID EVANS
JUSTICE