SOUTHWESTERN PUBLIC SERVICE CO., Appellant,

v.

Ellzey D. VANDERBURG et al., Appellees.

No. 8518.

Court of Civil Appeals of Texas, Amarillo.

July 31, 1975.

Lemon, Close, Atkinson & Shearer, Otis C. Shearer, Perryton, for appellant.

Morrison, Cross & Edmonds, John E. Morrison, Jr., Borger, T. D. Sansing, Spearman, for appellees.

ROBINSON, Justice.

Appellant, Southwestern Public Service Co., condemned an easement in 4.85 acres of land consisting of a 40-foot strip a mile in length along the west side of the farm belonging to Ellzey D. and Charlotte Vanderburg. The easement is for the purpose of erecting and maintaining eight two-pole unguyed structures, commonly known as "H-frames", to support electrical transmission lines and other devices. Judgment on the jury verdict was entered for appellees, the Vanderburgs and their tenant Newell Allen, for $13,649.75. Reversed and remanded.

Appellant challenges the admission over objection of various items of evidence. It first complains of the admission of testimony about the death by electrocution of a teen-age boy who was rabbit hunting with two companions on nearby land. According to the testimony, a rabbit ran into a 30-foot irrigation pipe. The boy picked up the pipe which came in contact with an REA line. The force generated by the contact knocked the boy over a barbed wire fence and into a field. When his companions reached him, there was no pulse or breath. He was taken to the hospital where he was pronounced dead on arrival.

■ This incident occurred after the date of taking, and thus, could not have influenced market value on the date of taking. Since condemnor's witnesses did not contend that the structures together with the power lines were not dangerous, the evidence was not proper rebuttal testimony on that point. The testimony should not have been admitted. *E. C. Heddin et ux. v. Delhi Gas Pipeline Co.*, 522 S.W.2d 886 (Tex.1975).

Immediately following the testimony concerning the electrocution of the boy, appellees called an attorney who was not otherwise involved in the case, as a witness. This attorney identified a photocopy as a copy of Article 1436c as reflected in the pocket parts of Vernon's Annotated Civil Statutes. Over objection, the photocopy was admitted in evidence and the attorney was permitted to testify to the law as it pertains to tort liability for personal injury.

■ Article 1436c restricts activity in the proximity of electrical lines having a voltage in excess of 600 volts. Because Article 1436c restricts the post-taking use of the property in question, it is relevant to post-taking market value. Witnesses may be interrogated concerning the effect on property value of restrictions on its use caused by a taking. In *Texas Electric Service Co. v. Graves*, 488 S.W.2d 135, 137 (Tex. Civ.App.—El Paso 1972, writ ref'd n. r. e.), the court held that it was within the trial

court's discretion to admit Article 1436c in evidence during the course of the trial.

In this case the objection to the admission of the photocopy was that it had not been proved up as provided by law. Appellant contends that the photocopy of the statute was not part of a book printed under authority of the state as provided in Article 3718 or a certified copy under the Seal of the Secretary of State as provided by Article 3719.

The courts of this State take judicial notice of the public statutes of this State. *Southern Cotton Press and Manufacturing Co. v. Bradley*, 52 Tex. 587 (1880); *McNabb v. Taylor Oil Field Rental Co.*, 428 S.W.2d 714 (Tex.Civ.App.—San Antonio 1968, writ ref'd n. r. e.). Both the trial court and this court judicially know that the photocopy introduced in evidence correctly reflects the statute in question. See *A. & M. College of Texas v. Guinn*, 280 S.W.2d 373 (Tex.Civ.App.—Austin 1955, writ ref'd n. r. e.). Also, before the photocopy was offered, an earlier witness testified at length concerning the provisions of Article 1436c and, without objection, read the relevant portions of the statute to the jury. We conclude that the error, if any, in the admission of the photocopy of the pocket part of the statute book is harmless and was not calculated to cause the rendition of an improper judgment. We hold that the trial court did not err in refusing to instruct the jury to disregard any testimony concerning Article 1436c.

Nevertheless, it was error for the trial court to allow the attorney witness to testify to his conclusions concerning the landowner's potential liability under Article 1436c for possible future personal injuries, his opinion concerning the application of the doctrine of negligence per se, and his opinion concerning the applicability of common law defenses including assumption of the risk. Opinions on questions of law should not be received in evidence. The trial judge can determine the questions of the law of this state without the aid of any witness. On mixed questions of law and fact, the jury after being instructed by the judge, can determine them equally as well as the witness. *Adamson v. Burgle*, 186 S.W.2d 388, 396 (Tex.Civ.App.—San Antonio 1945, ref'd w. o. m.).

In any event, in this case the question of potential liability growing out of possible future law suits growing out of possible future activities, is so speculative and conjectural that it should not be submitted to the jury and evidence concerning it should be excluded. In determining the admissibility of testimony on the question of value, the rule is that evidence concerning all such matters as suitability and adaptability, surroundings, conditions before and after, and all circumstances which tend to increase or diminish the market value should be admitted. Evidence relating to remote, speculative or conjectural injuries or uses which are not reflected in the market value on the date of valuation, should be excluded. *State v. Carpenter et al.*, 126 Tex. 604, 89 S.W.2d 194, 200 (1936).

Applying this rule to the case before us, the trial court should not have permitted appellee to interrogate appellant's expert witness concerning whether it would be prudent for a farmer who had electrical lines on his farm and who knew about the electrocution of the teen-age boy to carry liability insurance. On the other hand the trial court properly admitted evidence concerning the land's before-taking adaptability for the construction and use of a tailwater pit and the effect of the construction of the power line on the feasibility of the use of the land for that purpose.

The evidence concerning the death of the teen-age boy, the testimony of the attorney concerning tort law and ultimate liability in future tort actions, and the interrogation of the witness concerning the advisability of securing liability insurance were each calculated to cause and probably did cause the rendition of an improper judgment. Therefore the judgment will be re-

**696**

versed and the cause remanded. Rule 434, Texas Rules of Civil Procedure.

Because of the remand we have considered each of appellant's remaining points of error. We find no other reversible error. After considering all of the evidence, including that opposed to the verdict, we do not find that the jury's answers to the special issues are so against the great weight and preponderance of the evidence as to be manifestly unjust.

The trial court did not abuse its discretion in admitting the valuation testimony of the landowner, Ellzey Vanderburg, and another area farmer, Ray Phelps. The objections to their testimony go to its weight rather than to its admissibility. Although Mr. Vanderburg should not have been permitted to state that no one would want to sell a strip of land of the size taken, his testimony by and large was admissible and the court properly refused to instruct the jury to disregard all of his valuation testimony on the strip taken. *Guadalupe Valley Electric Coop., Inc. v. Towns*, 397 S.W.2d 496, 498 (Tex.Civ.App.—Corpus Christi 1965). We do not find that the record bears out appellant's contention that Vanderburg's valuation testimony was not directed to the surface estate only. Nor do we find that the trial court limited appellant's interrogation of Ray Phelps in such a way as to prevent cross examination concerning the basis of his valuation of the remainder.

Upon a retrial appellees' counsel should not be permitted to state to a witness that it was the difference in value rather than the before and after value which was controlling. However, we do not find that the statement taken in the context of the record as a whole could reasonably be said to have affected the jury's verdict in any way.

The judgment of the trial court is reversed and the cause remanded.