**DONIE STATE BANK, Appellant,**

v.

**Betty J. KNIGHT and Wilbur J. Knight, Appellees.**

**No. 20706.**

Court of Civil Appeals of Texas, Dallas.

June 2, 1981.

Rehearing Denied July 8, 1981.

Stewart R. Miller, Smith, Crooks, Miller & Boomer, Dallas, for appellant.

W. A. Keils, Jr., Teague, for appellees.

Before ROBERTSON, STOREY and STEPHENS, JJ.

STEPHENS, Justice.

This venue case presents two questions for our review. First, did the defendants waive their right to be sued in the county of their residence by participating in a hearing on severance prior to the hearing on the plea of privilege? Second, was defendant bank's plea of privilege fatally defective under Tex.R.Civ.P. 86? We answer both questions in the negative and reverse.

■ Plaintiff, Betty J. Knight, first sued Arrow Trucking Company and Donald W. Matthews in Dallas County, Texas for dam-ages arising out of an automobile collision. Plaintiff was joined by her husband Wilbur R. Knight, and filed an amended petition to include other defendants, among whom were Bobby M. Dubois, John Gilliam and Donie State Bank. Defendants, Dubois, Gilliam and Donie State Bank are residents of Freestone County, Texas. In response to the suit, Dubois, Gilliam, and Donie State Bank filed a joint pleading denominated "Defendants Bobby M. Dubois, John Gilliam and Cloner Gilliam, Individually, and in behalf of Donie State Bank Plea of Privilege." Plaintiffs timely filed their controverting plea. The trial court scheduled a hearing on July 18, 1980, and at the hearing, despite defendants' request that their pleas of privilege be heard and ruled upon first, the court heard evidence and ruled upon the matter of severance as to defendants Dubois and Gilliam, and then heard the venue matter. A single order was entered affirming the plea of privilege as to Dubois and Gilliam, severing and transferring the cause of action, as to them, to Freestone County, and overruling as to the bank.

The Knights contend, by way of crosspoint, that when defendants Dubois and Gilliam secured a ruling on their motion to sever without reserving their rights under their plea of privilege, they waived their rights to be sued in Freestone County. The Knights seek reversal of the order severing and transferring these defendants' cause of action to Freestone County. At the commencement of the hearing on July 18, 1980, the Knights' attorney insisted that the court first hear the matter of severance. Defendants' attorney objected and insisted that the plea of privilege be heard first. During the course of the hearing, defendants' attorney repeatedly stated that he did not want to waive their plea of privilege. We find the evidence more than sufficient to negate the intent of defendants Dubois, Gilliam and Donie State Bank to waive their right to be sued in Freestone County.

■ The Knights next contend that Donie State Bank's plea of privilege was fatally defective by its failure to comply

with Tex.R.Civ.P. 86 in that it failed to state that the bank was not a resident of the county in which the suit was instituted at the time of institution of the suit, at the time of service of process therein, and at the time of filing such plea; and that it was further defective because it did not state the county of the bank's residence. While we recognize the requirements of strict compliance with the rules in venue matters, we also take judicial notice of the public statutes of Texas. *Southwestern Public Service Co. v. Vanderburg*, 526 S.W.2d 692 (Tex.Civ.App.—Amarillo 1975, no writ). The pertinent statute here is the Texas Banking Code, Tex.Rev.Civ.Stat.Ann. art. 342–304 (Vernon Supp. 1980–1981) which requires the articles of association of a state bank to set forth its domicile, and article 342–314 which prohibits a state bank from changing its domicile to any other county in Texas. We also take judicial notice of the location and boundaries of the counties in Texas as defined by public laws. *Barber v. Intercoast Jobbers & Brokers*, 417 S.W.2d 154 (Tex. 1967). We hold, consequently, that the bank's plea of privilege alleging that, "Defendant Donie State Bank of Donie, Texas is a banking institution whose principal place of business is in Donie, Freestone County, Texas," is sufficient as a matter of law to negate the fact that it was a resident of Dallas County, Texas, at any of the times specified in Tex.R.Civ.P. 86, and that its residence is Freestone County, Texas.

The judgment of the trial court as to the severance of Dubois and Gilliam and the transfer of their case to Freestone County is affirmed. The judgment of the trial court as to Donie State Bank is reversed and remanded with instructions to sever Donie State Bank and transfer its case to Freestone County.