**Jeffrey PERKINS, Appellant**

v.

**John DELANEY, Appellee.**

No. 11–03–00201–CV.

Court of Appeals of Texas,
Eastland.

May 26, 2005.

Brett A. Burlison, Maggie D. Conner, David "Mac" McKeand, Law Offices of R. Gary Stephens, Houston, for appellant.

Adam Brett Chambers, Robert Bateman, Magenheim Bateman & Helfand, Houston, for appellee.

Panel consists of ARNOT, C.J., and WRIGHT, J., and McCALL, J.

Opinion

W.G. ARNOT, III, Chief Justice.

This case stems from an automobile accident that occurred on the shoulder of the highway. Jeffrey Perkins sued John Delaney as a result of that accident. The jury found both parties negligent, assessing Perkins's comparative negligence at 60 percent and Delaney's at 40 percent. Accordingly, the trial court rendered a take-nothing judgment against Perkins. We affirm.

Perkins presents two issues on appeal. In the first issue, he contends that the trial court abused its discretion by prohibiting evidence regarding Delaney's illegal con-

duct and violation of a statutory duty. Perkins attempted to introduce the text of TEX. TRANSP. CODE ANN. § 545.058 (Vernon 1999) into evidence. The trial court took judicial notice of the statute, but it denied Perkins's request to present the statute to the jury.

■ First, contrary to Perkins's assertion, the trial court was not required by TEX.R.EVID. 201 to instruct the jury regarding the judicially noticed statute. Rule 201 governs judicial notice of adjudicative facts only and does not apply to judicial notice of legislative facts. Rule 201(a); *Aguirre v. State*, 948 S.W.2d 377, 380 (Tex.App.-Houston [14th Dist.] 1997, pet'n ref'd). Because Section 545.058 and its terms are legislative facts, the trial court was not required to instruct the jury regarding Section 545.058 even though it took judicial notice of that statute. *Aguirre v. State, supra.*

Second, the trial court did not prohibit Perkins from introducing evidence of Delaney's conduct but, rather, prohibited him from presenting the text of Section 545.058 to the jury. Section 545.058(a) is the portion of that statute that deals with driving on the right-hand improved shoulder; it reads as follows:

An operator may drive on an improved shoulder to the right of the main traveled portion of a roadway if that operation is necessary and may be done safely, but only:

(1) to stop, stand, or park;

(2) to accelerate before entering the main traveled lane of traffic;

(3) to decelerate before making a right turn;

(4) to pass another vehicle that is slowing or stopped on the main traveled portion of the highway, disabled, or preparing to make a left turn;

(5) to allow another vehicle traveling faster to pass;

(6) as permitted or required by an official traffic-control device; or

(7) to avoid a collision.

We hold that the trial court did not abuse its discretion in denying Perkins's request to present the statute to the jury. The first issue is overruled.

■ In his second issue, Perkins contends that the trial court erred in refusing to instruct the jury on the issue of negligence per se based upon Delaney's violation of Section 545.058(a). The record shows that the collision occurred in this case as Perkins was pulling onto the right-hand shoulder of the highway and Delaney, who was already traveling on the shoulder, sideswiped Perkins's vehicle. Perkins testified that he attempted to pull onto the shoulder and find a safe place to stop because he was experiencing car trouble. Delaney testified that he received a page from his girlfriend who had been having car trouble and that he was driving on the shoulder in preparation to stop and retrieve his cell-phone charger so he could call her.

■ Section 545.058(a) permits driving on the right shoulder if it can be "done safely." Therefore, Section 545.058(a) does not impose an absolute duty but, rather, imposes a conditional duty that correlates to the common law duty of reasonable care. *See Cudworth v. South Texas Paisano Construction Co.*, 705 S.W.2d 315, 316–17 (Tex.App.-San Antonio 1986, writ ref'd n.r.e.) (holding that the predecessor to Section 545.058(a) imposed only a conditional duty and that violation of such a statute does not constitute negligence per se but may constitute negligence); *see also Louisiana–Pacific Corporation v. Knighten*, 976 S.W.2d 674, 675 (Tex.1998); *Borden, Inc. v. Price*, 939 S.W.2d 247 (Tex. App.-Amarillo 1997, writ den'd). When

the duty imposed by statute is conditional, a negligence-per-se instruction is precluded. *Louisiana–Pacific Corporation v. Knighten, supra; Borden, Inc. v. Price, supra.* Accordingly, we hold that the trial court did not err in refusing to instruct the jury as to negligence per se. The second issue is overruled.

The judgment of the trial court is affirmed.