

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00650-CV

**IN THE INTEREST OF A.M.S.**, a Child

From the 45th Judicial District Court, Bexar County, Texas
Trial Court No. 2017-PA-02129
Honorable Susan D. Reed, Judge Presiding[i]

Opinion by:   Patricia O. Alvarez, Justice

Sitting:   Patricia O. Alvarez, Justice
Luz Elena D. Chapa, Justice
Irene Rios, Justice

Delivered and Filed:  January 9, 2019

AFFIRMED

Appellant Mom appeals the trial court's order terminating her parental rights to her child A.M.S.[ii]  She asserts the evidence is neither legally nor factually sufficient for the trial court to have found by clear and convincing evidence that her course of conduct met any statutory ground for termination or that terminating her parental rights is in her child's best interest.

Because the evidence was legally and factually sufficient to support the trial court's best interest finding and at least one of the statutory grounds findings,[iii] we affirm the trial court's order.

---

[i] The Honorable Stephani Walsh is the presiding judge of the 45th District Court.  The Honorable Susan D. Reed was sitting by assignment.
[ii] To protect the minor's identity, we refer to Mom and the child using aliases.  *See* TEX. R. APP. P. 9.8.
[iii] Because Mom is the only appellant, we recite only those facts that pertain to Mom or the child.

## BACKGROUND

In August 2017, the Department of Family and Protective Services received a referral because Mom's natural child, A.M.S., tested positive for drugs at birth. The investigator saw A.M.S. in the hospital where the infant was suffering from tremors and shaking violently. The investigator interviewed Mom and they discussed her drug use. Mom admitted using methamphetamine a few days before, and heroin the day before, A.M.S. was born.

The Department petitioned for conservatorship of A.M.S. The trial court appointed the Department as A.M.S.'s temporary managing conservator and placed Mom on a service plan. Mom did not complete her service plan or appear at trial. Citing grounds (D), (E), (O), and (R), and the best interest of the child, the trial court terminated Mom's parental rights to A.M.S.

Mom appeals.

## EVIDENCE REQUIRED, STANDARDS OF REVIEW

The evidentiary standards[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as are the legal[3] and factual[4] sufficiency standards of review. We apply them here.

## BASES FOR TERMINATING MOM'S PARENTAL RIGHTS

### A.      Witnesses at Trial

In a one-day bench trial, the trial court heard testimony from two Department witnesses: Edward Gentry, the investigator; and Shameka Atkins, the case worker. Mom had notice of the trial, but she did not appear.

The trial court was the "sole judge[] of the credibility of the witnesses and the weight to give their testimony." *See City of Keller v. Wilson*, 168 S.W.3d 802, 819 (Tex. 2005); *cf. In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (per curiam).

**B.**     **Mom's Course of Parental Conduct**

At the close of trial, the court found Mom's course of conduct met statutory grounds (D), (E), (O), and (R). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(D), (E), (O), (R). Because a single statutory ground finding, when accompanied by a best interest of the child finding, is sufficient to support a parental rights termination order, *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.), we will address only two grounds: (O) and (R). We begin with (O), failure to comply with a court-ordered service plan.

*1.     Failure to Comply with Court-Ordered Service Plan*

Mom does not challenge the Department's ample evidence that Mom failed to comply with her service plan. Instead, she argues the trial court could not have found that she failed to comply with a court order because the trial judge was not the same judge who presided over the previous hearings in the case and "[no] evidence was presented at trial to show that [her service plan] was ever made an order of the court." The Department insists the record disproves Mom's point.

The record conclusively establishes that the Department prepared a family service plan for Mom, Mom signed it, and the trial court ordered Mom to comply with it. Further, the "trial court [could] take judicial notice of its previous orders . . . from the same case . . . [and] it [did] not have to state on the record that it took judicial notice of its previous findings in order to rely on them in its later judgment." *In re A.O.*, No. 04-12-00390-CV, 2012 WL 5507107, at *3 (Tex. App.—San Antonio Nov. 14, 2012, no pet.) (mem. op.) (citations omitted). Mom's argument is unavailing.

Considering all the evidence in the light most favorable to the trial court's findings, we conclude the trial court could have formed a firm belief or conviction that Mom failed to comply with her court-ordered service plan. *See* TEX. FAM. CODE ANN. § 161.001(1)(O); *In re S.M.R.*, 434 S.W.3d 576, 582 (Tex. 2014).

### 2. *Child Born Addicted to a Controlled Substance*

Mom argues the trial court could not have found that Mom caused A.M.S. to be born addicted to a controlled substance because there was no evidence that the drugs Mom admitted to taking before A.M.S.'s birth were controlled substances. The Department responds that the drugs Mom took are defined by statute as controlled substances, and the trial court could take judicial notice that the drugs are controlled substances.

The Department's investigator testified that the Department received a referral because A.M.S. "was born drug-positive." The investigator saw A.M.S. in the hospital where the child was suffering from withdrawal symptoms including tremors and violent shaking. To treat the withdrawal symptoms, A.M.S. was in the hospital "for an extended period of time."

Shortly after A.M.S.'s birth, the investigator interviewed Mom about her drug use. She admitted that only a few days before A.M.S. was born, she used heroin and methamphetamine.

Heroin and methamphetamine are identified in the Texas Health and Safety Code, a public statute, as controlled substances. TEX. HEALTH & SAFETY CODE ANN. § 481.102. Heroin and methamphetamine are controlled substances as a matter of legislative fact, *see Perkins v. Delaney*, 170 S.W.3d 136, 137 (Tex. App.—Eastland 2005, no pet.) (observing that "[a statute] and its terms are legislative facts"), and we take judicial notice of Texas statutes, *see Donie State Bank v. Knight*, 620 S.W.2d 698, 700 (Tex. Civ. App.—Dallas 1981, no writ) ("[W]e also take judicial notice of the public statutes of Texas."); *McNabb v. Taylor Oil Field Rental Co.*, 428 S.W.2d 714, 717 (Tex. Civ. App.—San Antonio 1968, writ ref'd n.r.e.) ("Our Courts take judicial notice of the public statutes of this State."). We take judicial notice of the facts that heroin and methamphetamine are controlled substances. *See Perkins*, 170 S.W.3d at 137; *cf. Ex parte Molina*, No. 04-17-00012-CR, 2017 WL 1409056, at *3 (Tex. App.—San Antonio Apr. 19, 2017, pet. ref'd) (mem. op., not designated for publication) ("When judicial notice of a fact not subject to reasonable dispute

supports the integrity of the fact-finder's ruling, judicial notice may properly be taken for the first time on appeal even though it was not requested in the trial court.").

The investigator testified that Mom admitted using heroin and methamphetamine before A.M.S. was born. Mom stated she wanted to get clean, but she was having trouble finding a methadone clinic to take her. At trial, Mom's attorney explained that Mom was absent because "she placed herself in a residential treatment facility" a few days earlier.

Considering all the evidence in the light most favorable to the trial court's findings, we conclude the trial court could have formed a firm belief or conviction that Mom was the cause of A.M.S.'s being born addicted to a controlled substance that Mom had not legally obtained by prescription. *See* TEX. FAM. CODE ANN. § 161.001(1)(R); *In re L.G.R.*, 498 S.W.3d 195, 203 (Tex. App.—Houston [14th Dist.] 2016, pet. denied).

## C.    Best Interest of the Child

Mom also challenges the sufficiency of the evidence supporting the trial court's finding that terminating her parental rights is in A.M.S.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2). The Family Code statutory factors[5] and the *Holley* factors[6] for the best interests of a child are well known. Applying each standard of review and the applicable statutory and common law factors, we examine the evidence pertaining to the best interest of the child.

## D.    Evidence of Best Interest of the Child

The trial court heard the following testimony.

### 1.    *Mom's Prenatal Conduct*

Mom admitted she used methamphetamine a few days before A.M.S. was born, and she used heroin the day before A.M.S.'s birth. A.M.S. tested positive for drugs at birth. In the hospital, A.M.S. suffered from tremors and violent shaking after birth that required medical treatment for

an extended period. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (3), (8), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### 2. *Mom's Plan Compliance*

Mom was ordered to complete drug treatment and courses in counseling and parenting. Mom initially engaged in parenting classes, but she did not provide a completion certificate. Mom enrolled in counseling, but "had two no-shows, and then never went back." She began outpatient drug treatment, but she was "unsuccessfully discharged." The Department scheduled her for in-patient treatment, but she did not go. When the case worker asked Mom why she did not participate in services, Mom "just said she had no—no excuse." A few days before trial, Mom admitted herself to an in-patient drug treatment program. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H), (I)).

### 3. *Mom's Care for the Child*

Mom visited A.M.S. regularly, and her visits were normal; she responded to A.M.S. appropriately according to A.M.S.'s needs. *See* TEX. FAM. CODE ANN. § 263.307(b)(12); *Holley*, 544 S.W.2d at 372 (factors (B), (D)).

### 4. *Foster Placement*

A.M.S. was placed with a foster family less than thirty-days after birth. A.M.S. is thriving with the foster parents. All of A.M.S.'s needs are being met, A.M.S. is bonded to the foster parents, they are bonded to A.M.S., and the foster parents want to adopt A.M.S. *See* TEX. FAM. CODE ANN. § 263.307(b)(1); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (F), (G)).

The Department case worker recommended that Mom's parental rights be terminated.

Considering all the evidence under the two evidentiary standards, we conclude the trial court could have formed a firm belief or conviction that terminating Mom's parental rights to her

child was in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012).

#### CONCLUSION

Because the evidence was legally and factually sufficient to support the trial court's findings by clear and convincing evidence (1) of at least one predicate ground for termination and (2) that termination of Mom's parental rights is in the best interest of the child, we affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b) (West Supp. 2017); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Mom's course of conduct met the following criteria or grounds:

> (D) knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child;
> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
> . . . .
> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
> . . . .
> (R) been the cause of the child being born addicted to alcohol or a controlled substance, other than a controlled substance legally obtained by prescription.

*Id.* § 161.001(b)(1).

[3] Legal Sufficiency. When a clear and convincing evidence standard applies, a legal sufficiency review requires a court to "'look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true.'" *In re J.L.*, 163 S.W.3d 79, 85 (Tex. 2005) (quoting *J.F.C.*, 96 S.W.3d at 266). If the court "'determines that [a] reasonable factfinder could form a firm belief or conviction that the matter that must be proven is true,'" the evidence is legally sufficient. *See id.* (quoting *J.F.C.*, 96 S.W.3d at 266).

[4] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *J.F.C.*, 96 S.W.3d at 266; *accord H.R.M.*, 209 S.W.3d at 108.

[5] Statutory Factors for Best Interest of the Child. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

(1)  the child's age and physical and mental vulnerabilities;

(2)  the frequency and nature of out-of-home placements;

(3)  the magnitude, frequency, and circumstances of the harm to the child;

(4)  whether the child has been the victim of repeated harm after the initial report and intervention by the department;

(5)  whether the child is fearful of living in or returning to the child's home;

(6)  the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

(7)  whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

(8)  whether there is a history of substance abuse by the child's family or others who have access to the child's home;

(9)  whether the perpetrator of the harm to the child is identified;

(10)  the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

(11)  the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

(12)  whether the child's family demonstrates adequate parenting skills; . . . and

(13)  whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see* [citations to cases in COA jurisdiction].

[6] *Holley* Factors. The Supreme Court of Texas identified the following factors to determine the best interest of a child in its landmark case *Holley v. Adams*:

(A)  the desires of the child;

(B)  the emotional and physical needs of the child now and in the future;

(C)  the emotional and physical danger to the child now and in the future;

(D)  the parental abilities of the individuals seeking custody;

(E)  the programs available to assist these individuals to promote the best interest of the child;

(F)  the plans for the child by these individuals or by the agency seeking custody;

(G)  the stability of the home or proposed placement;

(H)  the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

(I)  any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).