

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00632-CV

**IN THE INTEREST OF L.V.B.D.**, a Child

From the 408th Judicial District Court, Bexar County, Texas
Trial Court No. 2018PA02174
Honorable Charles E. Montemayor, Judge Presiding

Opinion by:    Patricia O. Alvarez, Justice

Sitting:    Patricia O. Alvarez, Justice
Beth Watkins, Justice
Liza A. Rodriguez, Justice

Delivered and Filed: February 12, 2020

AFFIRMED

In this parental rights termination case, the trial court terminated Mom's parental rights to her child L.V.B.D.[i]  Mom challenges the factual sufficiency of the evidence for the trial court's findings on statutory grounds and best interest of the child, and argues the trial court abused its discretion in denying her conservatorship.

Having reviewed the evidence, we conclude it was factually sufficient.  We overrule each of Mom's issues and affirm the trial court's order.

### BACKGROUND

In May 2018, the Department received a report of negligent supervision of L.V.B.D., and the Department began an investigation.  After the Department was unable to locate Mom and the

---

[i] We use aliases to protect the child's identity.  *See* TEX. FAM. CODE ANN. § 109.002(d); TEX. R. APP. P. 9.8.

child, it placed their names on a child safety check alert list. When Mom was picked up on a domestic violence charge, the Department was notified, and the investigator met with Mom and placed her on a safety plan. When Mom violated the safety plan, the Department petitioned to remove the child, the petition was granted, and L.V.B.D. was removed on September 25, 2018.

The Department created a service plan for Mom. She signed the plan but did not complete the services. She was arrested on May 4, 2019, and she was incarcerated at the time of trial.

After a one-day trial on the merits, the trial court found by clear and convincing evidence that Mom's course of conduct met the grounds in Family Code section 161.001(b)(1)'s subsections (E), (N), (O), and (P), and terminating Mom's parental rights was in L.V.B.D.'s best interest. It terminated Mom's parental rights to L.V.B.D. and appointed the Department as L.V.B.D.'s permanent managing conservator.

On appeal, Mom raises three issues. She argues the evidence was factually insufficient to support the trial court's statutory grounds and its best-interest-of-the-child findings. And she argues that because the evidence was factually insufficient to terminate her parental rights, the trial court abused its discretion by failing to appoint her as at least a possessory conservator of L.V.B.D.

### EVIDENCE REQUIRED, STANDARD OF REVIEW

The evidentiary standard[1] the Department must meet and the statutory grounds[2] the trial court must find to terminate a parent's rights to a child are well known, as is the factual[3] sufficiency standard of review. We apply them here.

### STATUTORY GROUNDS FOR TERMINATING MOM'S PARENTAL RIGHTS

**A.      Statutory Ground Finding Required**

A single statutory ground finding, when accompanied by a best interest of the child finding, is sufficient to support a parental rights termination order. *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003); *In re R.S.-T.*, 522 S.W.3d 92, 111 (Tex. App.—San Antonio 2017, no pet.). The Department

argues the evidence was sufficient to support the trial court's finding on each ground, i.e., (E), (N), (O), and (P). We begin with ground (E). *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E).

**B.       Section 161.001(b)(1)(E)**

A parent's rights to their child may be terminated if, inter alia, the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child." TEX. FAM. CODE ANN. § 161.001(b); *In re R.S.-T.*, 522 S.W.3d 92, 109 (Tex. App.—San Antonio 2017, no pet.).

For a parent to endanger a child, "it is not necessary that the [parent's] conduct be directed at the child or that the child actually suffers injury." *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987). "[R]ather, a child is endangered when the environment or the parent's course of conduct creates a potential for danger which the parent is aware of but disregards." *In re R.S.-T.*, 522 S.W.3d at 110 (quoting *In re S.M.L.*, 171 S.W.3d 472, 477 (Tex. App.—Houston [14th Dist.] 2005, no pet.)).

A parent's drug use, domestic violence, and imprisonment are all factors which may be considered on the question of endangerment. *In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009) (drug use); *In re M.R.J.M.*, 280 S.W.3d 494, 503 (Tex. App.—Fort Worth 2009, no pet.) (imprisonment); *In re J.I.T.P.*, 99 S.W.3d 841, 845 (Tex. App.—Houston [14th Dist.] 2003, no pet.) (domestic violence).

A parent's placing a child in a potentially unsafe environment is also evidence of endangerment. *See In re R.S.-T.*, 522 S.W.3d 92, 110 (Tex. App.—San Antonio 2017, no pet.) ("[A] child is endangered when the environment . . . creates a potential for danger which the parent is aware of but disregards.").

**C.     Mom's Course of Conduct Endangering the Child**

The trial court heard testimony regarding Mom's conduct that endangered L.V.B.D. including domestic violence, drug abuse, and unsafe living conditions.

*1.     Mom's Domestic Violence, Imprisonment*

The investigator testified that Mom admitted she fought with her husband in their car while L.V.B.D. was present.  Mom was the perpetrator, Dad was the victim, and Mom was arrested and charged with assault.  Mom's violence was not directed at L.V.B.D., but Mom's violent conduct was evidence of endangering L.V.B.D.  *See In re J.T.G.*, 121 S.W.3d 117, 125 (Tex. App.—Fort Worth 2003, no pet.) ("[A]busive or violent conduct by a parent . . . may produce an environment that endangers the physical or emotional well-being of a child."); *see also Boyd*, 727 S.W.2d at 533 (noting that a parent's violence need not be directed at the child or the child injured to constitute endangering the child).

Further, Mom's imprisonment as a result of her violent conduct was also "a factor to be considered by the trial court on the issue of endangerment."  *See Boyd*, 727 S.W.2d at 533 (allowing a parent's imprisonment to be considered as part of a course of conduct endangering a child); *In re M.R.J.M.*, 280 S.W.3d at 503.  Mom's voluntary conduct led to her incarceration, which separated her from L.V.B.D., prevented her from caring for L.V.B.D., and had a negative impact on L.V.B.D.'s emotional well-being.  *See In re M.R.J.M.*, 280 S.W.3d at 503; *see also In re S.R.*, 452 S.W.3d 351, 360 (Tex. App.—Houston [14th Dist.] 2014, pet. denied).

*2.     Mom's Drug Use*

Although Mom tested negative for drugs on September 6, 2018 (before L.V.B.D. was removed), based on its investigation, the Department had concerns about Mom's drug use.  After L.V.B.D. was removed, the Department created a service plan for Mom, which she signed.  In her

plan, Mom was ordered to undergo a drug assessment and drug treatment.[ii] Mom admitted that while she was in treatment, about six months after L.V.B.D. was removed, Mom used methamphetamine.[iii]

Mom's use of an illegal drug after L.V.B.D. was removed is evidence of a course of conduct that endangered L.V.B.D. *See In re S.R.*, 452 S.W.3d at 361–62 ("Continued illegal drug use after a child's removal is conduct that jeopardizes parental rights and may be considered as establishing an endangering course of conduct."); *see also In re J.O.A.*, 283 S.W.3d at 345 (recognizing that a parent's drug abuse may endanger the child).

### 3. *Mom's Choice of an Unsafe Environment*

After Mom was picked up on the domestic violence charge, the Department investigator met with Mom to address his concerns about Mom's drug use and her domestic violence charge. The investigator put Mom on a safety plan and found a place for her to move into. Mom moved into the placement, but within a week, Mom violated the safety plan.

Without telling the Department, Mom moved into a home that she had previously proposed to the Department, but the Department had rejected as inappropriate. In the disapproved home, the mother was under Department oversight because of her drug use. Nevertheless, Mom chose to move into a home with the risk, or certainty, of ongoing illegal drug use, which home would have been an unsafe environment for L.V.B.D. *See In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—

---

[ii] Mom asserts the trial court did not take judicial notice of its file. But "a 'trial court is presumed to judicially know what has previously taken place in the case tried before it.'" *In re J.E.H.*, 384 S.W.3d 864, 869 (Tex. App.—San Antonio 2012, no pet.) (quoting *In re J.J.C.*, 302 S.W.3d 436, 446 (Tex. App.—Houston [14th Dist.] 2009, pet. denied)). The Department did not ask for the trial court to take judicial notice of its file, and the trial court did not announce that it had, but "when the record is silent, as here, the trial court may be presumed to have taken judicial notice of the records in the court's file without any request being made and without an announcement in the record that it has done so." *Id.*

[iii] Methamphetamine is a controlled substance. TEX. HEALTH & SAFETY CODE ANN. § 481.102; *Perkins v. Delaney*, 170 S.W.3d 136, 137 (Tex. App.—Eastland 2005, no pet.).

San Antonio 2014, no pet.) ("A factfinder may infer that past conduct endangering the well-being of a child may recur in the future if the child is returned to the parent.").

Mom's decision to violate her service plan and move into a home in which L.V.B.D. would have been at risk could support the trial court's inference that Mom's future conduct could endanger L.V.B.D. *See In re J.D.*, 436 S.W.3d 105, 119 (Tex. App.—Houston [14th Dist.] 2014, no pet.) ("[T]he fact finder may permissibly infer that a parent's future conduct may be measured by recent past conduct as it relates to the same or a similar situation.").

## D.    Factually Sufficient Evidence

The evidence pertaining to Mom's drug abuse, domestic violence, incarceration, and choice to live in a home that would be unsafe for L.V.B.D. shows her deliberate course of conduct from which the trial court could have found that Mom endangered L.V.B.D.'s physical and emotional well-being. *See Walker v. Tex. Dep't of Family & Protective Servs.*, 312 S.W.3d 608, 618 (Tex. App.—Houston [1st Dist.] 2009, pet. denied); *see also In re J.O.A.*, 283 S.W.3d at 345 (drug use); *In re R.S.-T.*, 522 S.W.3d at 110 (unsafe conditions); *In re M.R.J.M.*, 280 S.W.3d at 503 (imprisonment); *In re J.I.T.P.*, 99 S.W.3d at 845 (domestic violence).

We conclude the trial court could have "reasonably form[ed] a firm belief or conviction about the truth of the [Department's] allegations." *See In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002). Therefore, the evidence was factually sufficient to support the trial court's finding under subsection 161.001(b)(1)(E). *See id.*; *Walker*, 312 S.W.3d at 618.

Because only a single statutory ground finding is needed to support an order terminating a parent's rights to a child, *In re A.V.*, 113 S.W.3d at 362, we need not address the other statutory grounds, *see* Tex. R. App. P. 47.1; *In re R.S.-T.*, 522 S.W.3d at 111.

We overrule Mom's first issue.

**BEST INTEREST OF THE CHILD**

In her second issue, Mom argues the evidence was factually insufficient to support the trial court's finding that terminating her parental rights was in L.V.B.D.'s best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(2).

The Family Code statutory factors[4] and the *Holley* factors[5] for best interest of the child are well known. Applying the applicable standard of review and statutory and common law best interest factors, we examine the evidence pertaining to the best interest of the child. The same evidence we considered in the statutory ground review may also be probative in the best interest of the child review. *See In re C.H.*, 89 S.W.3d at 28; *Walker*, 312 S.W.3d at 618.

## A. Mom's Course of Conduct

Mom admitted she fought with her husband in their car while L.V.B.D. was in the car, and the assault was serious enough for Mom to be arrested, charged with assault, and incarcerated. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (3), (7), (8), (12); *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (factors (B), (C), (D), (H)). Mom also admitted that, while she was in a drug treatment program, she used methamphetamine, which would have put L.V.B.D. at risk if she was in Mom's care. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (3), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)). And, Mom chose to leave a safe, Department-approved home to live in a home the Department had specifically rejected because of the occupant's active Department case, which was based in part on the mother's drug use. *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (7), (8), (10), (11), (12); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (H)).

## B. L.V.B.D.'s Placement

Since her removal, L.V.B.D. has lived with her maternal grandmother, who wants to adopt her. *See Holley*, 544 S.W.2d at 372 (factors (F), (G)). The grandmother is taking good care of L.V.B.D.; she is ensuring all of L.V.B.D.'s needs are met, including her medical and dental needs.

*See* TEX. FAM. CODE ANN. § 263.307(b)(1), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G)).  The grandmother's home is safe and stable, and there are other, older children living there.  *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G)).  L.V.B.D. is bonded to the grandmother and each of the other children, and she is thriving.  *See* TEX. FAM. CODE ANN. § 263.307(b)(1), (12), (13); *Holley*, 544 S.W.2d at 372 (factors (B), (C), (D), (G)).

## C.     Ad Litem's Recommendation

The child's ad litem noted how well L.V.B.D. was doing with the maternal grandmother. The ad litem stated it was in L.V.B.D.'s best interest for Mom's parental rights to be terminated and for L.V.B.D. to remain with her maternal grandmother—who wants to adopt L.V.B.D.

## D.     Factually Sufficient Evidence

Having reviewed the evidence, we conclude the trial court could have "reasonably form[ed] a firm belief or conviction" that it was in L.V.B.D.'s best interest for Mom's parental rights to be terminated.  *See In re H.R.M.*, 209 S.W.3d at 108 (citing *In re C.H.*, 89 S.W.3d at 25).  Therefore, the evidence was factually sufficient to support the trial court's best-interest-of-the-child finding. *See* TEX. FAM. CODE ANN. § 161.001(b)(2); *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002).

We overrule Mom's second issue.

### CONSERVATORSHIP ORDER

In her third issue, Mom argues that the trial court abused its discretion in not appointing her as at least a possessory conservator because the evidence supporting the statutory grounds and best-interest-of-the-child findings was factually insufficient.

Because the evidence was factually sufficient to support the trial court's statutory ground and best-interest-of-the-child findings, Mom's conservatorship argument necessarily fails.

We overrule Mom's third issue.

CONCLUSION

The evidence of Mom's drug use, domestic violence, incarceration, and choice of housing that would be unsafe for L.V.B.D. was factually sufficient to support the trial court's finding under subsection 161.001(b)(1)(E) and its finding on best interest of the child. Because the evidence was factually sufficient to support the trial court's order terminating her parental rights, Mom's conservatorship issue necessarily fails.

We affirm the trial court's order.

Patricia O. Alvarez, Justice

---

[1] Clear and Convincing Evidence. If the Department moves to terminate a parent's rights to a child, the Department must prove by clear and convincing evidence that the parent's acts or omissions met one or more of the grounds for involuntary termination listed in section 161.001(b)(1) of the Family Code, and terminating the parent's rights is in the best interest of the child. TEX. FAM. CODE ANN. § 161.001(b); *In re J.F.C.*, 96 S.W.3d 256, 261 (Tex. 2002). The same evidence used to prove the parent's acts or omissions under section 161.001(b)(1) may be used in determining the best interest of the child under section 161.001(b)(2). *In re C.H.*, 89 S.W.3d 17, 28 (Tex. 2002); *In re D.M.*, 452 S.W.3d 462, 471 (Tex. App.—San Antonio 2014, no pet.); *see also* TEX. FAM. CODE ANN. § 161.001(b). The trial court may consider a parent's past deliberate conduct to infer future conduct in a similar situation. *In re D.M.*, 452 S.W.3d at 472.

[2] Statutory Grounds for Termination. The Family Code authorizes a court to terminate the parent-child relationship if, inter alia, it finds by clear and convincing evidence that the parent's acts or omissions met certain criteria. *See* TEX. FAM. CODE ANN. § 161.001(b). Here, the trial court found Appellant's course of conduct met the following criteria or grounds:

> (E) engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child;
> . . . .
> (N) constructively abandoned the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than six months, and:
> (i) the department has made reasonable efforts to return the child to the parent;
> (ii) the parent has not regularly visited or maintained significant contact with the child; and
> (iii) the parent has demonstrated an inability to provide the child with a safe environment;
> (O) failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child; [and]
> (P) used a controlled substance, as defined by Chapter 481, Health and Safety Code, in a manner that endangered the health or safety of the child, and:
> (i) failed to complete a court-ordered substance abuse treatment program; or
> (ii) after completion of a court-ordered substance abuse treatment program, continued to abuse a controlled substance.

*Id.* § 161.001(b)(1).

[3] Factual Sufficiency. Under a clear and convincing standard, evidence is factually sufficient if "a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations." *In re C.H.*, 89 S.W.3d at 25; *accord In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006). We must consider "whether disputed evidence is such that a

reasonable factfinder could not have resolved that disputed evidence in favor of its finding." *In re J.F.C.*, 96 S.W.3d at 266; *accord In re H.R.M.*, 209 S.W.3d at 108.

[4] <u>Statutory Factors for Best Interest of the Child</u>. The Texas legislature codified certain factors courts are to use in determining the best interest of a child:

    (1)   the child's age and physical and mental vulnerabilities;

    (2)   the frequency and nature of out-of-home placements;

    (3)   the magnitude, frequency, and circumstances of the harm to the child;

    (4)   whether the child has been the victim of repeated harm after the initial report and intervention by the department;

    (5)   whether the child is fearful of living in or returning to the child's home;

    (6)   the results of psychiatric, psychological, or developmental evaluations of the child, the child's parents, other family members, or others who have access to the child's home;

    (7)   whether there is a history of abusive or assaultive conduct by the child's family or others who have access to the child's home;

    (8)   whether there is a history of substance abuse by the child's family or others who have access to the child's home;

    (9)   whether the perpetrator of the harm to the child is identified;

    (10)  the willingness and ability of the child's family to seek out, accept, and complete counseling services and to cooperate with and facilitate an appropriate agency's close supervision;

    (11)  the willingness and ability of the child's family to effect positive environmental and personal changes within a reasonable period of time;

    (12)  whether the child's family demonstrates adequate parenting skills; . . . and

    (13)  whether an adequate social support system consisting of an extended family and friends is available to the child.

TEX. FAM. CODE ANN. § 263.307(b); *see In re A.C.*, 560 S.W.3d 624, 631 (Tex. 2018) (recognizing statutory factors).

[5] *Holley* <u>Factors</u>. In *Holley v. Adams*, the Supreme Court of Texas identified the following factors courts may use to determine the best interest of a child:

    (A) the desires of the child;

    (B) the emotional and physical needs of the child now and in the future;

    (C) the emotional and physical danger to the child now and in the future;

    (D) the parental abilities of the individuals seeking custody;

    (E) the programs available to assist these individuals to promote the best interest of the child;

    (F) the plans for the child by these individuals or by the agency seeking custody;

    (G) the stability of the home or proposed placement;

    (H) the acts or omissions of the parent which may indicate that the existing parent-child relationship is not a proper one; and

    (I) any excuse for the acts or omissions of the parent.

*Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976) (footnotes omitted); *accord In re E.N.C.*, 384 S.W.3d 796, 807 (Tex. 2012) (reciting the *Holley* factors).